## BULL v. ADAMS.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1927.)

No. 4706.

1. **Injunction** ⟨⟩26(9)—**Purchaser at foreclosure sale may maintain ancillary bill to enjoin action at law to recover the property by one who was party to and bound by the foreclosure decree.**

A purchaser of property at foreclosure sale, or his grantee, may maintain an ancillary bill to enjoin prosecution of an action of ejectment for the property by one who was a party to and bound by the foreclosure decree, though he has an adequate defense to the action at law.

2. **Removal of causes** ⟨⟩119—**On removal without objection of ancillary suit, federal court may grant same relief as state court.**

Where ancillary suit is removed without objection, federal court may grant same relief which would be proper in state court.

3. **Courts** ⟨⟩332—**Statute permitting service of chancery subpoena by reading or delivering copy held to control court rule (Rev. Gen. St. Fla. 1920, §§ 2599, 2955, 3110).**

Under Rev. Gen. St. Fla. 1920, §§ 2599, 2955, 3110, service of a chancery subpoena may be made either by reading it or by delivering a copy thereof, and a court rule inconsistent with the statute after its amendment ceased to control.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by W. H. Adams against Harcourt Bull. Decree for complainant, and defendant appeals. Affirmed.

P. L. Gaskins, of Jacksonville, Fla., for appellant.

Charles A. Powers, of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree on final hearing enjoining Harcourt Bull from prosecuting an ejectment suit against W. H. Adams. The injunction suit was originally brought by Adams in the state court, but was removed by Bull, on the ground of diversity of citizenship, to the federal District Court, where the ejectment suit was pending.

The facts are not in dispute. Adams bought the property in question from a purchaser at a mortgage foreclosure sale. Bull became the purchaser at a prior sale made to satisfy a lien that was inferior to the mortgage lien, and was named as a party defendant in the mortgage foreclosure suit. The sheriff's return included an indorsement on the chancery subpoena, to the effect that the subpoena had been executed as to Bull by delivering to him a true copy of the original. The bill in this suit pleaded the mortgage foreclosure suit and the sale thereunder, and, besides the prayer that Bull be enjoined from proceeding in his ejectment suit, also prayed in the alternative that, if for any reason Bull was not bound by the mortgage foreclosure decree, the mortgage be reforeclosed against him for Adams' benefit. But at the hearing before the master the prayer for reforeclosure was abandoned. A motion was made to dismiss on the grounds (1) that the bill prayed for alternative relief based on repugnant averments of fact, and therefore was multifarious; and (2) that Adams had an adequate remedy at law. Complaint is here made of the denial of this motion, as well as of the final decree on the merits.

[1] A reforeclosure of the mortgage was sought only in the event the court should hold that Bull was not bound by the original foreclosure decree. In our opinion the prayer for alternative relief was proper, because it was consistent with the averments of fact contained in the bill; but, if it was not, any possible error committed in the failure to sustain the motion to dismiss on the first ground was rendered harmless by the abandonment of the prayer for alternative relief. The second ground of the motion was not well taken. Although Adams would have had an adequate defense to the ejectment suit, he was none the less entitled to enjoin further litigation over

the title to property he had purchased at the foreclosure sale as against one who was a party to and bound by the foreclosure suit. Riverdale Mills v. Alabama, etc., Mfg. Co., 198 U. S. 188, 25 S. Ct. 629, 49 L. Ed. 1008.

[2] The bill for injunction sought to invoke the protection of the foreclosure decree, and therefore was an ancillary or supplemental bill. Whitehouse on Equity Practice, § 133. It was unnecessary to proceed against all the parties to the foreclosure suit. Adams had the right, because of his purchase at the foreclosure sale, to proceed in his own name, and against the only defendant in that suit attacking the binding effect of the foreclosure suit. Root v. Woolworth, 150 U. S. 401, 411, 14 S. Ct. 136, 37 L. Ed. 1123. The state court which entered the decree in the foreclosure suit undoubtedly had jurisdiction to grant the relief prayed in this suit. The federal District Court had concurrent jurisdiction because of diversity of citizenship, and upon removal of the cause was in duty bound to administer the same relief that could properly be granted in the state court. Bull cannot complain of the removal as it was made on his application. Adams is not here insisting that the case be remanded, and so the question whether jurisdiction, in view of the comity that exists between federal and state courts, should have been entertained over his objection does not arise. It was not error to deny the motion to dismiss.

[3] On the merits the sole contention is that the service of process on Bull in the mortgage foreclosure suit was not valid or binding, for the reason that the sheriff's return fails to show that the original subpoena was exhibited to Bull at the time a copy of it was delivered to him. Personal service of a chancery subpoena is governed by the law applicable to like service of the common-law writ of summons ad respondendum, and a personal service of such common-law writ is required to be made either by reading it or by delivering a copy thereof. Revised General Statutes of Florida, §§ 2599, 3110. Such has been the requirement of the law since 1892; but prior thereto the statute provided that service of process should be made by delivering a copy, and by showing the original writ. In 1873 the Supreme Court of Florida adopted a rule, that had the effect of law, requiring, as did the statute at that time, the service of chancery subpoenas to include a showing of the original.

The statute conferring on the Supreme Court the power to make rules provided that any action taken thereunder should have the force of law until otherwise provided by the Legislature, and authorized that court, among other things, "to make rules for the issuing and return of process in all courts, not inconsistent with law." R. G. S. Fla. § 2955. It would seem clear, when the law was amended so as no longer to require an original subpoena to be exhibited, that a rule of the court inconsistent with the amended law ceased to be controlling. That the rule invoked was inconsistent with the present law does not admit of serious doubt, for, if in force, it would require the doing of an act which the statute dispensed with by providing in effect that it need not be done. The return of the sheriff, the truthfulness of which is not questioned, shows a complete compliance with the law.

The decree is affirmed.