## NORTHPORT POWER & LIGHT CO. v. HARTLEY, Governor of Washington, et al.

District Court, W. D. Washington, S. D. October 14, 1929.

No. 402.

W. Lon Johnson, of Colville, Wash., and O. C. Moore, of Spokane, Wash., for plaintiff.

John H. Dunbar, Atty. Gen., John A. Homer, Asst. Atty. Gen., for defendants.

Plaintiff cites: Section 266, Judicial Code (28 USCA § 380); section 33, art. 2, Constitution of the state of Washington; section 4, chapter 50, Session Laws of 1921, state of Washington (section 10582, Remington's Compiled Statutes of Washington 1922, vol. 3); section 8, art. 1, Constitution of the United States; section 10, art. 1, Constitution of the United States; section 1, Amend. 14, Constitution of the United States; Commerce Treaty of 1815 between United States and Great Britain (8 U. S. Stat. 228); Smyth v. Ames, 169 U. S. 466, 478, 18 S. Ct. 418, 42 L. Ed. 819, 838; Risty v. C., R. I. & P. R. Co., 270 U. S. 378, 388, 46 S. Ct. 236, 70 L. Ed. 642–650; Terrace v. Thompson, 263 U. S. 197, 214, 44 S. Ct. 15, 68 L. Ed. 255, 274; Walla Walla Water Co. v. Walla Walla, 172 U. S. 1, 12, 19 S. Ct. 77, 43 L. Ed. 341, 346; Adams v. Tanner, 244 U. S. 590, 592, 37 S. Ct. 662, 61 L. Ed. 1336, 1342, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; Truax v. Raich, 239 U. S. 33, 37, 36 S. Ct. 7, 60 L. Ed. 131, 133, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Rast v. Van Deman & Lewis Co., 240 U. S. 342, 355, 36 S. Ct. 370, 60 L. Ed. 679, 686, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Kennington v. Palmer, 255 U. S. 100, 41 S. Ct. 303, 65 L. Ed. 528; Ex parte Young, 209 U. S. 126, 153, 28 S. Ct. 441, 52 L. Ed. 714, 730, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Foster-Fountain Packing Co. v. Haydell, 278 U. S. 1, 49 S. Ct. 1, 73 L. Ed. 147; Ohio Oil Co. v. Conway, 49 S. Ct. 256, 73 L. Ed. ——; Liggett Co. v. Baldridge, 278 U. S. 105, 49 S. Ct. 57, 73 L. Ed. 204; State ex rel. Dunbar v. Shokuta, 131 Wash. 291, 293, 230 P. 166; State v. Taka Hirabayashi, 139 Wash. 696, 699, 246 P. 577; Siler v. Louisville & N. R. Co., 213 U. S. 175, 195, 29 S. Ct. 451, 53 L. Ed. 753, 757; Ohio Tax Cases, 232 U. S. 576, 586, 34 S. Ct. 372, 58 L. Ed. 738, 743; Greene v. Louisville & I. R. Co., 244 U. S. 499, 508, 37 S. Ct. 673, 61 L. Ed. 1280, 1286, Ann. Cas. 1917E, 88; United Fuel Gas Co. v. Railroad Commission, 278 U. S. 300, 49 S. Ct. 150, 73 L. Ed. 390; City of Dayton v. City Ry. Co. (C. C. A.) 16 F. (2d) 401, 403; State v. Natsuhara, 136 Wash. 437, 444, 240 P. 557; State v. Motomatsu, 139 Wash. 639, 247 P. 1032; 19 Corpus Juris, 865, 866, and cases cited in notes 50, 51; 9 R. C. L. 737; Branan v. Wimsatt, 54 App. D. C. 374, 298 F. 833, 836; Stovall v. Coggins Granite Co., 116 Ga. 376, 42 S. E. 723, 724; Ernst v. Allen et al., 55 Utah, 272, 184 P. 827, 829; Waller v. Hildebrecht, 295 Ill. 116, 128 N. E. 807, 809; Kershaw v. Burns, 91 S. C. 129, 74 S. E. 378, 379; 33 Cyc. 169; Reichenbach v. Washington Short Line R. Co., 10 Wash. 357, 38 P. 1126; Knapp v. Crawford, 16 Wash. 524, 48 P. 261; Spokane v. Colby, 16 Wash. 610, 48 P. 248; Pacific Iron Works v. Bryant Lumber & Shingle Mill Co., 60 Wash. 502, 111 P. 578; Neitzel v. Spokane International R. Co., 65 Wash. 100, 117 P. 864, 36 L. R. A. (N. S.) 522; Boatman v. Lasley, 23 Ohio St. 614; Stockdale v. Yerden, 220 Mich. 444, 190 N. W. 225; State ex rel. Winston v. Morrison, 18 Wash. 664, 52 P. 228; Myers v. Arthur, 135 Wash. 583, 238 P. 899; Salisbury v. Alskog, 144 Wash. 88, 256 P. 1030; Humphrey v. Krutz, 77 Wash. 152, 157, 137 P. 806; Columbus, etc., Co. v. Columbus, 249 U. S. 399, 39 S. Ct. 349, 63 L. Ed. 669, 676, 6 A. L. R. 1648; section 12, art. 1, Constitution of the State of Washington; Thompson on Corporations (3d Ed.) §§ 2184, 2185, 2186, and 2188; Frost v. Railroad Commission, 271 U. S. 583, 596, 46 S. Ct. 605, 70 L. Ed. 1101, 1106, 47 A. L. R. 457; Williams v. Standard Oil Co., 278 U. S. 235, 49 S. Ct. 115, 73 L. Ed. 287, 60 A. L. R. 596; Quaker City Cab Co. v. Penn., 277 U. S. 389, 400, 48 S. Ct. 553, 72 L. Ed. 927, 929; Public Utilities Comm. v. Attleboro Steam & E. Co., 273 U. S. 83, 86, 47 S. Ct. 294, 71 L. Ed. 549, 552; Simpson v. Shepard, 230 U. S. 352, 396, 33 S. Ct. 729, 57 L. Ed. 1511, 1540, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Gibbons v. Ogden, 9 Wheat. 1–240, 6 L. Ed. 23; Gloucester Ferry Co. v. Penn., 114 U. S. 196, 204, 5 S. Ct. 826, 29 L. Ed. 158, 162; Penn. v. West Virginia, 262 U. S. 553, 596, 43 S. Ct. 658, 67 L. Ed. 1117, 1132, 32 A. L. R.

300; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 291, 42 S. Ct. 106, 66 L. Ed. 239, 244; Shafer v. Farmers' Grain Co., 268 U. S. 196, 200, 45 S. Ct. 481, 69 L. Ed. 909, 915; Foster-Fountain Pack. Co. v. Haydel, 278 U. S. 1, 49 S. Ct. 1, 73 L. Ed. 147; Anderson v. Shipowners' Ass'n, 272 U. S. 359, 363, 47 S. Ct. 125, 71 L. Ed. 298, 301; Hammer v. Dagenhart, 247 U. S. 251, 269, 38 S. Ct. 529, 62 L. Ed. 1101, 1105, 3 A. L. R. 649, Ann. Cas. 1918E, 724; South Carolina v. Georgia, 93 U. S. 4, 23 L. Ed. 782; Mondou v. N. Y., etc., R. Co., 223 U. S. 1, 47, 49, 32 S. Ct. 169, 56 L. Ed. 327, 345, 346, 38 L. R. A. (N. S.) 44; Smith v. Alabama, 124 U. S. 465, 473, 8 S. Ct. 564, 31 L. Ed. 508, 510; Di Santo v. Penn., 273 U. S. 34, 37, 47 S. Ct. 267, 71 L. Ed. 524, 526; Penn. Gas Co. v. Public Service Commission, 252 U. S. 23, 27, 40 S. Ct. 279, 64 L. Ed. 434, 441; Interstate Commerce Commission v. Ill. C. R. Co., 215 U. S. 452, 474, 30 S. Ct. 155, 54 L. Ed. 280, 289; Ozark Pipe Corp. v. Monier, 266 U. S. 555, 565, 45 S. Ct. 184, 69 L. Ed. 439, 443; Luckenbach S. S. Co. v. Denney (Wash.) 278 P. 419, 422; Mich. Public Utilities Comm. v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105; Philadelphia, etc., S. S. Co. v. Penn., 122 U. S. 326, 7 S. Ct. 1118, 30 L. Ed. 1200; Lemke v. Farmers' Grain Co., 258 U. S. 50, 59, 42 S. Ct. 244, 66 L. Ed. 458, 464; Meyer v. Neb., 262 U. S. 390, 400, 43 S. Ct. 625, 67 L. Ed. 1042, 1045, 29 A. L. R. 1446; Washington ex rel. v. Kuykendall, 275 U. S. 207, 211, 48 S. Ct. 41, 72 L. Ed. 241, 245; Hastings v. Anacortes Packing Co., 29 Wash. 224, 230, 69 P. 776; 1 Malloy's Comp., p. 624 (1815 Treaty between United States and Great Britain); Ohio ex rel. Clarke v. Deckebach, 274 U. S. 392, 47 S. Ct. 630, 71 L. Ed. 1115; Jordan v. Tashire, 278 U. S. 123, 49 S. Ct. 47, 73 L. Ed. 214; Terrace v. Thompson, 263 U. S. 197, 217, 44 S. Ct. 15, 68 L. Ed. 255, 275; Webb v. O'Brien, 263 U. S. 313, 322, 44 S. Ct. 112, 68 L. Ed. 318, 321; South Carolina v. United States, 199 U. S. 437, 451, 26 S. Ct. 110, 59 L. Ed. 261, 265, 4 Ann. Cas. 737; Lewis Publishing Co. v. Morgan, 229 U. S. 288, 314, 33 S. Ct. 867, 57 L. Ed. 1190, 1203; Dillon v. Gloss, 256 U. S. 368, 373, 41 S. Ct. 510, 65 L. Ed. 994, 996; Cherokee Nation v. Southern Kan. Railway Co., 135 U. S. 641, 656, 10 S. Ct. 965, 34 L. Ed. 295.

Defendants cite: Section 384, United States Code; Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796; Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288; Dalton Adding Machine Co. v. State Corporation Commission of Virginia, 236 U. S. 699, 35 S. Ct. 480, 59 L. Ed. 797; Cavanaugh v. Looney, 248 U. S. 453, 39 S. Ct. 142, 63 L. Ed. 354; section 33, art. 2, Constitution of the State of Washington; chapter 50, Session Laws of 1921, state of Washington; Humphrey. v. Krutz, 77 Wash. 152, at page 157, 137 P. 806; Cook v. C., B. & Q. R. Co., 40 Iowa, 451; Goodrich v. Burbank, 12 Allen (Mass.) at page 460, 90 Am. Dec. 161; Standard Oil Co. v. Buchi, 72 N. J. Eq. 492, 66 A. 427; Tide Water Pipe Co. v. Bell, 280 Pa. 104, 124 A. 351, 40 A. L. R. 1516; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; 1 R. C. L. 806; Webb. v. O'Brien, 263 U. S. 313, 322, 44 S. Ct. 112, 68 L. Ed. 318.

Before DIETRICH, Circuit Judge, and BOURQUIN and CUSHMAN, District Judges.

CUSHMAN, District Judge. Of the questions presented it will only be necessary to consider whether plaintiff has an adequate remedy at law, and in the determination of this question we are not required to consider whether the proceeding by the Attorney General, sought to be enjoined, is one of forfeiture or escheat. Bouv. Law Dict. (Rawle's 3d Edition), vol. 1, p. 1069; 2 Blackstone's Commentaries, 251.

It in no way has been made to appear that the remedy at law afforded plaintiff in such a proceeding is not adequate. The determination of the question is controlled by Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796, and Cavanaugh et al. v. Looney, 248 U. S. 453, at page 456, 39 S. Ct. 142, 143, 63 L. Ed. 354, in which latter case it was said: "Nothing indicates that any objections to the validity of the statute could not be presented in an orderly way before the state court where defendants intended to institute condemnation proceedings."

It is true that the jurisdiction of the District Court was upheld in Terrace et al. v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255, and in Webb v. O'Brien, 263 U. S. at page 313, 44 S. Ct. 112, 68 L. Ed. 318; but in each of those cases an interest in the real estate had not yet been acquired by the alien. In the first of the last-cited decisions it is also stated, at page 212, of 263 U. S. (44 S. Ct. 16): "* * * And it is alleged that the defendant, as Attorney General, has

threatened to and will \* \* \* if they enter into such lease, \* \* \* prosecute the appellants criminally for violation of the act; that the act is so drastic and the penalties attached to its violation are so great that neither of the appellants may make the lease even to test the constitutionality of the act; and that, unless the court shall determine its validity in this suit, the appellants will be compelled to submit to it, whether valid or invalid, and thereby will be deprived of their property without due process of law and denied the equal protection of the laws." [1]

There is no allegation in the complaint now before the court in any way equivalent to the above. The motion for an interlocutory injunction is denied. The defendants' motion to dismiss the bill of complaint is granted.

---

[1] The following language appears in the case of Webb v. O'Brien, at page 321 of the Supreme Court reports, volume 263 (44 S. Ct. 113), also cited in the opinion:

"They [appellants, plaintiffs below] allege \* \* \* that the Attorney General and district attorney have threatened to and will enforce the act against them if they execute the contract, and will forfeit or attempt to forfeit the land by an escheat proceeding, and will prosecute them criminally for violating the act. They aver that the act is so drastic, and the penalties for its violation are so great, that neither of them may execute the contract even for the purpose of testing its validity and its application thereto, and that, unless the court shall determine the validity of the act and its application, they will be compelled to submit to it, whether valid or invalid, and to the appellants' interpretation of it, and so be deprived of their property without due process of law and denied the equal protection of the laws in contravention of the Fourteenth Amendment."