**In re FLORIDA EAST COAST RY. CO.**
**No. 4827.**

District Court, S. D. Florida,
Jacksonville Division.

March 24, 1943.

Russell L. Frink, of Jacksonville, Fla., for trustees.

George M. Powell, Asst. Atty. Gen., and J. Henry Blount, of Jacksonville, Fla., for State Taxing Officers.

Francis P. Fleming, of Jacksonville, Fla., amicus curiae.

STRUM, District Judge.

Acting pursuant to §§ 199.11 et seq. and 200.13 et seq., Fla.Stat.1941, F.S.A. §§ 199.-11 et seq., 200.13 et seq., the Tax Assessor of Duval County, Florida, has levied taxes for the year 1942 against certain personal properties, tangible and intangible, owned by the Railway Company in said county. The Railway Company is now in process of a Section 77 reorganization in this Court. 11 U.S.C.A. § 205. These levies are in addition to the general levy on properties of the Railway Company used for carrier and railroad purposes, assessed by the Railway Assessing Board, pursuant to § 195.01 et seq., Fla.Stat.1941, F.S.A. § 195.01 et seq. Contending that the latter tax is all-inclusive, representing their entire tax liability, and that the additional personal property taxes first mentioned are a double and illegal imposition, for which the Railway Company is not liable, Scott M. Loftin and John W. Martin, as trustees for the Railway Company in said reorganization proceedings, have filed their petition, seeking this Court's advice and direction as to whether or not they shall pay said personal property taxes for 1942, and whether they shall file personal property tax returns for 1943.

In order to advise and direct the trustees upon the merits of their problem, it would be necessary for this Court, in effect, to render a declaratory judgment, defining the trustees' tax liability under said statutes, and related Florida statutes. In the respects in question, these statutes have not been interpreted by the Florida Courts, particularly as to the intangible tax.

This is an ex parte proceeding. Although the State and County tax assessing officers, and the State Comptroller and At-

torney General were notified, and were represented at the hearing, and although these officers have filed their special appearance and motion to dismiss, neither these officers nor the State itself are formal parties to this proceeding. They would not be bound by any order made herein, but could ignore the same with impunity. The question presented is purely one of State law, involving an interpretation of State taxing statutes, as yet uninterpreted by the State courts. No Federal question is involved. If jurisdiction exists, it arises from § 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a. Cf. Arkansas Corp. Comm. v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244.

Recent Federal decisions emphasize the wisdom of remitting questions of this character to the State courts for initial determination, even though the Federal Court also has jurisdiction to decide them. Such a course recognizes the rightful independence of the State in enforcing its tax policy, where no infringement of Federal constitutional rights is asserted. It promotes harmonious relations between Federal and State judiciary, by avoiding needless friction which sometimes results from inconsistent decisions brought about by a premature Federal interpretation of a State statute, with which the State courts may later find themselves in disagreement. This Court feels that the question here presented can better be determined, at least in the first instance, in the State's tribunals, where rests the primary authority and duty to interpret the State's taxing statutes, and in a proceeding in which plenary jurisdiction of the State's taxing officers can be obtained. Resort may be had to the Federal Supreme Court from the State Supreme Court to correct any invasion of Federal rights that may occur. Particularly does this Court feel disinclined to adjudicate a matter of such vital importance in the State's taxing plan on a mere ex parte petition for advice and direction to its trustees, and in the absence of any effort by the State taxing authorities to enforce the asserted tax or to otherwise disturb this Court's jurisdiction over the property of the Railway Company. Meredith v. City Winter Haven, 5 Cir., Feb. 3, 1943, 134 F.2d 202; Railroad Comm. v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Cavanaugh v. Looney, 248 U.

S. 453, 39 S.Ct. 142, 63 L.Ed. 354; Gilchrist v. Interborough Rapid Transit Co., 279 U.S. 159, 49 S.Ct. 282, 73 L.Ed. 652.

If the State taxing officers undertake to enforce the asserted tax by levy, thereby disturbing this Court's exclusive jurisdiction over the Railway property, it would then be timely and appropriate for this Court to exercise its power under § 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, to determine the "legality" of such tax.

The trustees are therefore directed to institute in the Florida State Courts appropriate proceedings to determine their liability for the State personal property taxes levied against the Railway Company's property under §§ 199.11 et seq. and 200.13 et seq., Fla.Stat.1941, F.S.A. §§ 199.-11 et seq., 200.13 et seq.