# CAVANAUGH ET AL. *v.* LOONEY, ATTORNEY GENERAL OF THE STATE OF TEXAS, ET AL.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 107. Argued December 19, 1918.—Decided January 13, 1919.

The jurisdiction of the federal courts to enjoin the execution of a state law upon the ground of unconstitutionality should be exercised only in clear cases and where intervention is essential to protect rights effectually against injuries otherwise irremediable. P. 456.

Appellants sought to enjoin condemnation proceedings under a Texas act, alleging it unconstitutional and that the filing of the petition would cause them irreparable damage by impounding their land, clouding the title and preventing sale pending the proceeding. *Held*, properly refused, since the apprehension of irreparable loss appeared fanciful and all objections against the act could be raised in the condemnation proceedings. *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. Joseph Manson McCormick*, with whom *Mr. Francis Marion Etheridge* was on the brief, for appellants.

*Mr. B. F. Looney,* Attorney General of the State of Texas, and *Mr. C. M. Cureton,* Assistant Attorney General of the State of Texas, for appellees, submitted.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The University of Texas is a state institution under immediate control of officers known as Regents, appointed by the Governor, with its principal educational departments in Travis and Galveston counties. An act of the legislature, approved August 30, 1911 (S. B. No. 20, c. 6, General Laws, Texas), undertook to authorize the Regents to purchase or condemn through proceedings in the district courts such lands within those counties as they might deem expedient for extension of campus or other university purposes. Appellants have long owned and used as a residence homestead twenty-six acres in Travis County desirable as an addition to the university grounds. Having failed in their efforts to purchase, the Regents were about to meet and ask the Attorney General to institute proceedings to condemn this entire tract. Thereupon appellants instituted this proceeding against them and the Attorney General in the United States District Court seeking to restrain their threatened action "on the ground [among others] that said law conflicts with the Constitution of the United States, in that the defendants are thereby pretendedly authorized to take plaintiffs' property without due process of law, and plaintiffs are thereby deprived of the equal protection of the laws." They alleged invalidity of the act because in conflict with both state and Federal Constitutions and averred "that unless restrained by a writ from this Honorable Court, the said defendants constituting the Board of Regents of the University of Texas will, at their next meeting aforesaid, request the Attorney General to file a petition in the Dis-

trict Court of Travis County for the condemnation of their property or a part thereof under said pretended Act, and that the said Attorney General, unless so restrained, will comply with said request of the Board of Regents, acting under said purported Act, and that the filing of such petition will cause irreparable loss and damage to your petitioners by impounding their property in court pending the disposition of said proceeding and will cloud the title thereto and prevent the vending of same or any part thereof."

The challenged act provides: That if the Regents cannot agree with the owners for purchase they shall request the Attorney General to file petition in the district court of the county, describing the land, stating purpose for which desired, and praying that its value be ascertained and decree be entered vesting title thereto in the State. That upon filing such petition the owner shall be cited as in other civil causes; that at the first term thereafter the cause shall be tried by a jury upon a single issue as to the value of the land and the decision of such jury shall be final—provided there shall be a right of appeal as in other civil cases. That when the value has been ascertained and the court satisfied therewith it shall enter a decree vesting title but not until such amount together with all reasonable costs and expenses including reasonable attorney's fees shall be paid to the owner or into court for his benefit.

It is alleged that the Act of 1911 especially offends the constitution of Texas because a local law passed without the required notice; and that it is bad under both federal and state constitutions because (1) it delegates to the Board of Regents power to determine what property is reasonably necessary for the purposes mentioned and forbids inquiry concerning this by the court, (2) it forbids inquiry into the damages to the remainder of a tract where a part only is taken, and (3) it permits the State

to acquire fee simple title to property which thereafter may be sold. It is further alleged that appellants' property is so situated that to take a part would necessarily cause serious damage to the remainder.

A special court assembled as provided by § 266, Judicial Code, denied application for preliminary injunction without opinion and allowed this direct appeal.

It is now settled doctrine "that individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Ex parte Young*, 209 U. S. 123, 155, 156; *Western Union Telegraph Co.* v. *Andrews*, 216 U. S. 165, 166, 167; *Home Telephone & Telegraph Co.* v. *Los Angeles*, 227 U. S. 278, 293; *Truax* v. *Raich*, 239 U. S. 33, 37; *Greene* v. *Louisville & Interurban R. R. Co.*, 244 U. S. 499, 506. But no such injunction "ought to be granted unless in a case reasonably free from doubt," and when necessary to prevent great and irreparable injury. *Ex parte Young, supra*, 166. The jurisdiction should be exercised only where intervention is essential in order effectually to protect property rights against injuries otherwise irremediable.

When considered in connection with established rules of law relating to the power of eminent domain, complainants' allegation of threatened "irreparable loss and damage" appears fanciful. The detailed circumstances negative such view and rather tend to support the contrary one. Nothing indicates that any objections to the validity of the statute could not be presented in an orderly way before the state court where defendants intended to institute condemnation proceedings; and if by any chance the state courts should finally deny a federal right the

appropriate and adequate remedy by review here is obvious. Exercising a wise discretion we think the court below properly denied an injunction. Upon the record it was not called upon to inquire narrowly into the disputable points urged against the statute. No more are we.

The judgment of the court below is .

*Affirmed.*