**MASSACHUSETTS STATE GRANGE et al. v. BENTON, Attorney General of Massachusetts, et al.**

(District Court, D. Massachusetts. December 31, 1925.)

No. 2471.

1. Injunction ⬚85(2)—Jurisdiction of federal court to enjoin state officials from enforcing state law exercised only in case reasonably free from doubt and when necessary to prevent great and irreparable injury.

Jurisdiction of federal courts, under Judicial Code, § 266 (Comp. St. § 1243), to enjoin state officials from enforcing state law, is not to be exercised, except in a case reasonably free from doubt and when necessary to prevent great and irreparable injury.

2. Time ⬚2—Federal Standard Time Act held not exclusive of state action on same subject-matter and not in conflict with daylight saving law of Massachusetts.

Federal Standard Time Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8907r et seq.), amended by Act Cong. Aug. 20, 1919, held not exclusive of state action on same subject-matter, and not in conflict with G. L. Mass. c. 4, § 10, as amended by St. Mass. 1921, c. 145, advancing standard time one hour during certain months, notwithstanding Congress might have power to provide standard time for United States, under Const. U. S. art. 1, § 8, subd. 5, giving Congress power to fix standard of weights and measures.

In Equity. Suit by the Massachusetts State Grange and others for injunction against Jay R. Benton, as Attorney General of the Commonwealth of Massachusetts, and others. Application denied, and bill dismissed.

Frank W. Morrison, of Worcester, Mass., for plaintiffs.

Lewis Goldberg, Asst. Atty. Gen., for defendants.

Before ANDERSON, Circuit Judge, and MORTON and LOWELL, District Judges.

PER CURIAM. The plaintiffs brought this suit to enjoin the Attorney General and other officials of the commonwealth from enforcing the Massachusetts Daylight Saving Act, on the ground that it is in conflict with the federal Standard Time Act, and therefore unconstitutional. It comes before this court, constituted of three judges under the provisions of section 266 of the Judicial Code (Comp. St. § 1243), on the plaintiffs' application for a preliminary injunction. The respondents have filed a motion to dismiss, in the nature of a general demurrer, and for lack of jurisdiction.

As we are all of the opinion that the application for a preliminary injunction must be denied, and that the bill must be dismissed, and as in such case an appeal may be taken directly to the Supreme Court, no elaborate analysis of the bill and of the question involved is called for.

[1] It is elementary that the jurisdiction now invoked is not to be exercised except "in a case reasonably free from doubt," and "when necessary to prevent great and irreparable injury." Cavanaugh v. Looney, 248 U. S. 453, 456, 39 S. Ct. 142, 63 L. Ed. 354; Ex parte Young, 209 U. S. 123, 166, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932,

14 Ann. Cas. 764. Plaintiffs met neither of these two essential conditions.

The federal Standard Time Act (Act March 19, 1918, 40 Stat. p. 450 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8907r et seq.], as amended by the Act Aug. 20, 1919, 41 Stat. p. 280) divides continental United States into five zones, of about 15 degrees each, the precise limits of each zone to be defined by the Interstate Commerce Commission, "having regard for the convenience of commerce and the existing junction points and division points of common carriers engaged" in interstate commerce, and provides that within the respective zones the standard time shall be the mean astronomical time, starting at 75 degrees of west longitude.

Plaintiffs rely chiefly upon section 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8907s), which reads:

"That within the respective zones created under the authority hereof the standard time of the zone shall govern the movement of all common carriers engaged in commerce between the several states or between a state and any of the territories of the United States, or between a state or the territory of Alaska and any of the insular possessions of the United States or any foreign country. In all statutes, orders, rules, and regulations relating to the time of performance of any act by any officer or department of the United States, *whether in the legislative, executive, or judicial branches of the government, or relating to the time within which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the United States*, it shall be understood and intended that the time shall be the United States standard time of the zone within which the act is to be performed."

In argument stress is put upon the language underscored.

The Massachusetts act (G. L. Mass. c. 4, § 10), as amended by Acts 1921, c. 145, provides that from the last Sunday of April until the last Sunday of September "the standard time in this commonwealth shall be advanced one hour," so that "the standard time in this commonwealth shall be one hour in advance of the United States standard Eastern time."

This act reads as follows:

"At two o'clock ante meridian of the last Sunday in April of each year, the standard time in this commonwealth shall be advanced one hour, and at two o'clock ante meridian of the last Sunday in September of each year the standard time in this commonwealth shall, by the retarding of one hour, be made to coincide with the mean astronomical time of the degree of longitude governing the zone wherein the commonwealth is situated, the standard official time of which is described as United States standard Eastern time, so that between the last Sunday of April at two o'clock ante meridian and the last Sunday in September at two o'clock ante meridian in each year the standard time in this commonwealth shall be one hour in advance of the United States standard Eastern time. And in all laws, statutes, orders, decrees, rules and regulations relating to the time of performance of any act by any officer or department of the commonwealth, or of any county, city, town or district thereof, or relating to the time in which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the commonwealth, and in all the public schools and in all institutions of the commonwealth, or of any county, city, town or district thereof, and in all contracts or choses in action made or to be performed in the commonwealth, it shall be understood and intended that the time shall be United States standard Eastern time as changed' by this section."

The plaintiffs' fundamental contention is that section 2 of the federal act makes standard time the general measure of time for all persons subject to the jurisdiction of the United States; that therefore the provision of the Massachusetts Daylight Saving Act for a different standard of time during several months of the year is unconstitutional.

They urge that, in providing a standard time for the United States, Congress acted under article 1, § 8, par. 5 of the Constitution, which says that "the Congress shall have power to * * * fix the standard of weights and measures," and also that such power is soundly grounded upon the commerce clause. Compare Standard Time Zone Investigation Case, 51 Interst. Com. Com'n R. 273.

[2] An answer to this contention is that, assuming that Congress has constitutional power under the standard of measures clause, or the commerce clause, or under both clauses, to provide a standard time applicable to all persons subject to the jurisdiction of the United States, it has not yet seen fit to go further than to make such standard time applicable only (1) to the movement of common carriers engaged in interstate and foreign commerce; (2) to its own officials and departments; and (3) to all acts

done by any persons under federal statutes, orders, rules and regulations. So construed the federal Standard Time Act is not exclusive of state action on the same subject-matter; there is no conflict between the two acts; the power of the states in regard to measuring time is the same as over insolvency when there is no federal bankruptcy law. See Sturges v. Crowninshield, 4 Wheat. 122, 193, 4 L. Ed. 529; Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606. Compare Commonwealth v. Nickerson, 236 Mass. 292, 293, 128 N. E. 273, 10 A. L. R. 1568, and cases cited.

This view as to the construction of the federal statute makes it unnecessary for this court to state and discuss the serious jurisdictional questions raised, either as to the rights of the plaintiffs or as to any power vested in the defendants by the Massachusetts act to enforce that act. Massachusetts v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. Ed. 1078.

Application for a preliminary injunction denied; bill dismissed with costs.[1]

———

[1] New Jersey v. Sargent (Jan. 4, 1926) 46 S. Ct. 122, 70 L. Ed. ———.