**DE PAUW UNIVERSITY v. BRUNK, State Treasurer, et al.**

No. 1525.

District Court, W. D. Missouri, W. D.
Nov. 12, 1931.

John C. Meredith (of Meredith & Harwood) and Justin D. Bowersock (of Bowersock, Fizzell & Rhodes), all of Kansas City, Mo., for complainant.

Manvel H. Davis, George W. Meyer, and Emory H. Wright, all of Kansas City, Mo., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

PER CURIAM.

One Frank L. Hall in his will bequeathed the residue of his estate to the Fidelity National Bank & Trust Company in trust for De Pauw University, an institution of learning situated in Indiana. Steps having been taken by proper Missouri state officers to collect an inheritance tax on this bequest, a bill was filed in this court by the University asking that these officers be restrained from proceeding further. Certain of the defendants named in the bill have moved for its dismissal. The motion to dismiss is based upon two general grounds: First, that this court has no jurisdiction of the case; and, second, that the bill does not state facts entitling the complainant to equitable relief. This motion is the matter now before the court.

1. It is asserted by complainant that this court has jurisdiction in that the case arises under the Constitution of the United States. Title 28, section 41(1) (a, b), U. S. C. [28 USCA § 41(1) (a, b)]. It is asserted also that this court has jurisdiction by reason of the fact that the controversy is between citizens of different states.

We consider first whether there is a constitutional question in the case.

Article 21 of chapter 1 of the Revised Statutes of Missouri for 1929 provides for an inheritance tax, fixes the various rates at which it shall be levied, establishes the machinery for assessment and collection, and declares that certain transfers of property shall be exempt. The section covering exemptions (Section 602, R. S. 1929) is as follows: "When any property, benefit or income shall pass to or for the use of any hospital, religious, educational, Bible, missionary, scientific, benevolent or charitable purpose in this state, or to any trustee, association, or corporation, bishop, minister of any church, or religious denomination in this state, to be held and used and actually held and used ex-

clusively for religious, educational, or charitable uses and purposes, whether such transfer be made directly or indirectly, the same shall not be subject to any tax, but this provision shall not apply to any corporation which has a right to make dividends or distribute profits or assets among its members."

The theory of the bill is that section 602 exempts the bequest for the benefit of the complainant. Should the present case be tried upon the merits, the sole question will be as to the construction of section 602, and particularly whether the exemption therein granted extends to a bequest to a Missouri trustee for the benefit of a nonresident educational institution.

The procedure for the assessment and collection of the inheritance tax under the Missouri law is this: The probate court of the county where the estate is administered is given in the first instance jurisdiction to determine as to a given bequest whether it is taxable and, therefore, whether it is exempt. It is given jurisdiction to determine the amount of the tax due and who shall pay it. These provisions are embodied in section 585.

In section 580, it is provided that when the tax is paid two and one-half per cent. thereof shall go to the probate judge for his fees.

It is the contention of complainant that the effect of section 580 is to invalidate section 585, and indeed totally to destroy the only provision in the law providing for the determination of the amount of the tax due, and whether a bequest is exempt. The argument is that since the probate court alone is given jurisdiction to assess the tax and determine incidental questions, and since the probate court is given a pecuniary interest in any tax collected, due process of law is thereby denied. Therein is the constitutional question said by complainant to be involved in this case.

It is our view that there is no substantial question here.

 It has long been established that the Fourteenth Amendment imposes no restriction on the power of the states to tax the usual and proper objects of taxation within their jurisdiction. So far as taxation is concerned, the only restriction resulting from the "due process" clause is as to the manner in which the power to tax is exercised. 27 Am. Eng. Ency. of Law, 593. So far as taxation is concerned, due process of law is fully satisfied if at some stage in the proceeding the taxpayer has notice and opportunity to be heard. He may not have that opportunity until after the tax has been paid and he has brought suit to recover back, but, if he has it even then the due process provision is not violated. It is sufficient if his opportunity to be heard is before an administrative body only. He is not entitled as of right to a judicial hearing. The power of taxation is so essential to the maintenance of government that it is not to be handicapped by giving to every taxpayer as to every tax the right to a review in court.

 The Missouri Inheritance Tax Law, although it gives to the probate court in the first instance jurisdiction to determine the amount of tax to be paid and by whom it shall be paid, provides, in section 587, for a review by the state circuit court of any question determined by the probate court. Section 587 is: "Any · interested person * * * may file exceptions * * * such exception shall be determined by the court in a summary manner. Any person aggrieved by the judgment of the court as to the amount of liability for the tax may appeal to the court having jurisdiction of appeals * * * in case of appeal the appellant shall be required to give bond to the state in double the amount of the tax, interest, penalty and costs involved, conditioned to pay all taxes, interest and penalties assessed and costs taxed by the appellate court."

It seems clear to us that the effect of section 587 is entirely to negative the contention that this complainant is denied due process of law in the assessment and collection of the tax claimed. Even if complainant had received no notice of any hearing in the probate court, even if it had not been entitled to be there heard at all, even if in the probate court there had been an absence of every one of the essentials of due process, nevertheless if, at some later stage in the proceedings, it is accorded due process, including a full and a fair hearing of its claim that the bequest to it is exempt, it cannot assert that its property has been taken from it or is likely to be taken from it in violation of the Fourteenth Amendment. The Supreme Court of the United States many times has said that due process is satisfied if its usual requisites are present at any stage in a tax proceeding. Thus it was said in Pittsburgh, etc., Ry. Co. v. Board of Public Works, 172 U. S. 39, 45, 19 S. Ct. 90, 95, 43 L. Ed. 354: "in matters of taxation, it is sufficient that the party assessed should have an opportunity to be heard, either before a judicial tribunal, or before a board of assessment, at some stage of the proceedings."

It is true that a right to review an assessment made may be so circumscribed with restrictions, so burdened with possible penalties, as that it might be held to be insufficient to satisfy the requirements of due process. But that is not the case here. The right to review given by section 587 is not burdened with impossible or unreasonable conditions. The only condition is that the taxpayer shall give a bond in double the amount of the tax, interest, penalty, and costs involved. The inheritance tax law does not provide for interest until after nine months from the due date of the tax. It does not provide for any penalties eo nomine. It provides only for interest at the rate of 6 per cent. after nine months and at the rate of 1 per cent. per month after twelve months. Certainly it cannot be said that there is a denial of due process merely because an appeal bond is required and because after twelve months a higher rate of interest is provided for. Moreover, by section 578, R. S. Mo. 1929, the probate court may abate the payment of any interest until the assessment has become final. If there is an appeal to the circuit court, the assessment is not final until that court has acted. In no event, therefore, may complainant say an appeal by it is prevented until it first shows a refusal by the probate court to abate interest or to extend the time for the beginning of interest.

2. We do not agree that complainant is denied due process of law even in the probate court solely by reason of the pecuniary interest of that court in the result.

The probate court, so far as inheritance tax matters are concerned, is not a judicial tribunal. It is an administrative agency. It is not uncommon for states to commit to courts administrative functions. The assessment of a tax and its collection are administrative matters. The function assigned to the probate court is that of the assessment of the tax. The function assigned to the circuit court is that of the ordinary board of tax appeals. It has never before been suggested, so far as we know, that a taxpayer is denied due process of law because of any interest or prejudice which the assessor may have.

The field of taxation is distinct from the field of ordinary proceedings in courts of law. While it is essential to due process of law in the usual judicial proceeding that the judge shall be disinterested and impartial, it is not essential to due process of law that an administrative officer shall be disinterested and impartial. The due process clause, both in the Fourteenth and in the Fifth Amendments, are to be construed in the light of the law pre-existing them. Doubtless it would be found by investigating the history of taxation that assessors and collectors have had some pecuniary interest in taxes collected time out of mind. When the probate court determines that a certain bequest is subject to a tax, it is not in any judicial sense passing on the rights of the parties, but is merely administering the inheritance tax law.

3. It is suggested by complainant that the whole proceeding in the probate court is void because of the pecuniary interest of that court. The argument then is that if the whole proceeding is void there is nothing from which an appeal to the circuit court can be had, and that it does avail that in the circuit court there might be due process. We think the contention is without merit. The provision allowing the probate court a certain percentage of the tax collected as fees obviously is a mere incident of the inheritance tax law. Conceivably it is invalid. If so, it is separable from the other and essential provisions of the law, the validity of which in no way could be affected by the invalidity of this one provision. It is unthinkable that the entire inheritance tax law should be struck down merely because some separable provision is of questionable validity.

4. So far, we have considered the motion to dismiss as if the proceedings were still in the probate court. Our view is that really they are still in that court. The attempt of the probate court to transfer the proceedings to the circuit court was without effect. It was sought to transfer the matter under section 2053, R. S. 1929. That section is inapplicable. It provides that "no judge of probate shall sit in a case in which he is interested, * * * such cause shall be certified to the county or circuit court. * * *"

To give to section 2053 the construction which the probate court gave to it is to destroy section 585 as well as section 580. It cannot logically be argued that the Legislature intended to give to the probate court an interest in a cause and then forbid it to proceed in that cause. The "interest" which is referred to in section 2053 clearly is an interest which the judge of probate has in a particular case by reason of his connections with the parties or with the case itself, and not an interest which he has in all cases of a given class by reason of some provision of law.

In legal theory, this matter is still in the probate court of Jackson county. In fact, it is on the docket of the circuit court. But the latter is a court of general jurisdiction. In the exercise of its superintending control, undoubtedly that court may remand the proceeding to the probate court, with directions that the course fixed by the statute be pursued. Complainant may then prosecute its appeal, of which right the improvident act of the probate court in certifying the matter to the circuit court cannot deprive it. In such appeal, and in the steps leading thereto, it may preserve all its objections to the jurisdiction, and its contentions upon the merits. This comports with the rule announced in the following authoritative cases: Louisville & Nashville R. Co. v. Finn et al., 235 U. S. 601, 35 S. Ct. 146, 59 L. Ed. 379; Cavanaugh et al. v. Looney et al., 248 U. S. 453, 39 S. Ct. 142, 63 L. Ed. 354; Henrietta.Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737; Northport Power & Light Co. v. Hartley, 283 U. S. 568, 51 S. Ct. 581, 75 L. Ed. 1275; Owens v. Dancy (C. C. A. 10) 36 F.(2d) 882.

It may be true, as is suggested by complainant, that the Missouri Inheritance Tax Law provides for no appeal from the circuit court. We do not pass upon that question. It is sufficient to say here that "the right of appeal is not essential to due process of law." Beck v. Missouri Valley Drainage District (8 C. C. A.) 46 F.(2d) 632, 638, and cases cited.

5. If there is no constitutional question here, then it is unimportant to consider whether, upon a proper realignment of the parties, there would be the requisite diversity of citizenship. For if there is no constitutional question, then diversity of citizenship alone would not give this court jurisdiction of this case. If the Missouri Inheritance Tax Law is a valid and constitutional law, the enforcement of its provisions by the proper officers, of the state is enforcement by the state. In that event, the different state officers are not acting in their individual capacities, and a suit to restrain them is a suit against the state. Of such a case, federal courts do not have jurisdiction by reason of the prohibition of the Eleventh Amendment to the Constitution. See Herkness v. Irion et al. (D. C.) 11 F.(2d) 386.

A state can only enforce its taxing laws through its officers. Whether a suit to enforce a tax is brought in the name of the state or by officers of the state in their own names it is an action by the state. Never has it been held that a nonresident can have enjoined in the federal courts the enforcement of a valid state tax law. The right to equitable relief in the federal courts as against such a law depends upon the invalidity of that law and upon the theory that officers attempting to enforce a void law are acting as individuals and not for the state.

6. It is our opinion then that this court has no jurisdiction of the case, first, because there is no constitutional question involved in the case, and second, because even if there is diversity of citizenship, since there is no constitutional question, the suit in reality is one against the state, which the Eleventh Amendment forbids.

We do not overlook the rule that federal jurisdiction does not depend upon how a constitutional question ultimately may be resolved, but upon the existence of a constitutional question. But the principles of constitutional law as applied to matters of taxation have so long been established that it can not be said there is any real constitutional question in the case. The claim of a constitutional question here is insubstantial.

7. Even if this court does have jurisdiction, we think the motion to dismiss still should be sustained for the reason that the bill does not state facts sufficient to entitle the complainant to relief in equity. Complainant has an adequate remedy at law.

There is a well-recognized rule that an adequate remedy at law which will defeat federal equity jurisdiction must be a remedy in the federal court. That general rule, however, is subject to a qualification when the matters involved concern the subject of taxation. If there is an adequate administrative remedy provided in the state system of taxation, that is sufficient to defeat federal equity jurisdiction. Thus it was said by the Court of Appeals for the Eighth Circuit in Nelson v. First National Bank, 42 F.(2d) 30, 31, (a case involving taxation), that "it is contended that the statutes of Iowa afford an adequate administrative remedy which the banks must exhaust before they can resort to a federal court. Unquestionably, all adequate administrative remedies must be exhausted before resort can be had to the courts."

This principle is elaborated by the Court of Appeals in Beck v. Missouri Valley Drainage District (8 C. C. A.) 46 F.(2d) 632, 638. The following language from the opinion in that case is especially pertinent:

"The practice of ignoring state tribunals, and of appealing to federal jurisdictions at later stages of the proceedings, has met with emphatic disapproval by the Supreme Court and by this court. We think the language of Mr. Justice Sutherland in First National Bank [of Greeley] v. Board of Commissioners of Weld County, 264 U. S. 450, 456, 44 S. Ct. 385, 387, 68 L. Ed. 784, has application here:

" 'Plaintiff not having availed itself of the administrative remedies afforded by the statutes, as construed by the state court, it results that the question whether the tax is vulnerable to the challenge in respect of its validity upon any or all of the grounds set forth is one which we are not called upon to consider.' "

In this case, complainant has an adequate administrative remedy. The review given to interested parties in the circuit court is a part of the administrative system. The remedy which the complainant has in that court is an administrative remedy. It is an adequate administrative remedy, and is therefore such an adequate remedy at law, although not in the federal court, as defeats federal equity jurisdiction.

■ 8. Finally we should say that the policy of the state of Missouri in the matter of charitable trusts and uses is well known and the courts of the state may be trusted, as they should be, in all cases falling within their jurisdiction, to administer the laws in accordance with their true intent. The policy of the state indeed is evidenced in this very case by the opinion of its Attorney General recited by the complainant in its bill. It is ruled in that opinion that this bequest is not subject to, but is exempt from, this tax. In that opinion, the Attorney General construes section 602 as complainant maintains it ought to be construed. In the history of the judiciary of Missouri there is no justification for an apprehension that, by any strained construction of a statute, the long-established policy of this state to encourage and foster education everywhere will in any way be hindered. The courts of the state, like those of the United States, in construing statutes have, of course, no duty except to interpret them in accordance with their plain intent. They have no power to read into the statutes what they think should have been intended. But he has not well considered the history of the judiciary who does not know that doubts, where there are doubts, usually have been resolved in favor of and not against as full a realization as possible of the noble purposes of those who give their wealth for charity and education.

The motion to dismiss should be, and is, sustained.