## RICHMOND HOSIERY MILLS v. CAMP.
### No. 7451.

Circuit Court of Appeals, Fifth Circuit.
Dec. 14, 1934.

Rehearing Denied Jan. 11, 1935.

Elbert P. Tuttle and J. B. Brennan, both of Atlanta, Ga., John A. Chambliss and J. B. Sizer, both of Chattanooga, Tenn., and J. Alton Hosch, of Gainesville, Ga., for appellant.

Mastin G. White, Sp. Asst. to the Atty. Gen., and Curley C. Hoffpauir, Asst. Counsel, N. R. A., of Washington, D. C., and Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the Richmond Hosiery Mills from a decree dismissing its bill to enjoin the United States district attorney from prosecuting it for violating a provision of a code of fair competition adopted for the hosiery industry, and approved by the President, pursuant to section 3(a) of the National Industrial Recovery Act. 48 Stat. 195, 196 (15 USCA § 703(a).

Section 3(f) of the act (15 USCA § 703 (f) provides that any violation of such a code shall be a misdemeanor and punishable by a fine of not more than $500 for each offense, each day the violation continues to be deemed a separate offense. The code provision above referred to limits productive operations of a manufacturing plant to two shifts of 40 hours each per week. Appellant is a manufacturer of women's seamless hosiery at its plant at Rossville, Ga., and operates three other plants in Tennessee, at which it manufactures children's hose, and women's full-fashioned hosiery. It admits that in its knitting department at the Rossville plant it operates three shifts for more than 80 hours a week; but it bases its bill of injunction on the ground that the act does not authorize any limitation of productive operations, or, if it does, that it is unconstitutional. Appellant distinctly disclaimed a belief that the maximum fines, which the act purports to authorize, would be imposed on it; and it is made to appear only that the district attorney intended to institute a single prosecution for a single violation of the code of fair competition. The bill seeks to show irreparable damage by alleging that appellant has a force of not more than 30, out of a total of some 2,000, employees to operate the third shift, and, while the number of employees so engaged is comparatively small, yet the work they do is so intimately connected with the manufacture of hosiery that to dispense with their services would seriously interfere with appellant's business; that the threat of prosecution would, if carried out, disconcert appellant's entire force of employees, impair its credit and good will, and render it unable to fill orders of its customers for goods, with the result that it would sustain a loss of many thousands of dollars.

The question of the constitutional validity of the National Industrial Recovery Act or of the code of fair competition adopted under it for the hosiery industry is not, in our opinion, properly presented for decision. Injunction does not lie merely because an act is unconstitutional; but one seeking injunctive relief on that ground must further show that he is entitled to it on some clear ground of equity jurisdiction. Boise Water

Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796; Cavanaugh v. Looney, 248 U. S. 453, 39 S. Ct. 142, 63 L. Ed. 354; Northport Co. v. Hartley, 283 U. S. 568, 51 S. Ct. 581, 75 L. Ed. 1275. The general rule is that a court of equity has no jurisdiction to enjoin a criminal prosecution. In re Sawyer, 124 U. S. 200, 210, 8 S. Ct. 482, 31 L. Ed. 402. An exception is recognized where it is necessary for a court of equity to enjoin the enforcement of a statute which is unconstitutional in order to protect property rights from irreparable damage. Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Terrace v. Thompson, 263 U. S. 197, 214, 44 S. Ct. 15, 68 L. Ed. 255. We think this case falls within the general rule and outside the exception. Only a single prosecution involving a fine which could not exceed $500, was sought to be enjoined, and there is no claim that an attempt will be made to impose separate penalties for repeated violations. Appellant can protect its rights fully and completely in a criminal case, and therefore has no need to appeal to a court of equity. It is chimerical to say that its business or good will would suffer more if the constitutionality of the statute in question were challenged in defense of a prosecution for a misdemeanor rather than by bill of injunction.

The decree is affirmed.