**ATLANTIC PIPE LINE CO. v. STATE TAX BOARD et al.**

No. 552.

District Court, W. D. Texas, Austin Division.

Oct. 1, 1935.

T. R. Freeman, of Dallas, Tex., and Vinson, Elkins, Sweeton & Weems and Charles I. Francis, all of Houston, Tex., for complainant.

Wm. McCraw, Atty. Gen., Scott Gaines and Hubert T. Faulk, Asst. Attys. Gen., and Marvin Hall, Wm. N. Sands, and M. E. Lathan, all of Austin, Tex., for respondents.

Before HUTCHESON, Circuit Judge, and KENNERLY and WEST, District Judges.

HUTCHESON, Circuit Judge.

Plaintiff, complaining of the members of the state tax board on the ground of the unconstitutionality of the law under which they purported to act, and of the action they took, brought its bill for an injunction to restrain them "from certifying to the several tax assessors of the State of Texas for entry upon the tax rolls of the several counties in which plaintiff's property is situated, the amount or value as determined by the Board to be the intangible assets of complainant and the apportionment thereof among the several counties." A temporary injunction having been applied for, and a temporary restraining order pending hearing having been prayed, the District Judge, conceiving the case to be one for three judges, granted the restraining order and set the application down for hearing before the statutory court.

At the hearing the complainant, in addition to attacking the law as discriminatory on its face, in providing for the valuing of complainant's intangible assets while omitting from its provisions other persons similarly situated, and the administrative methods employed by the board, in fixing and apportioning these values, leveled its main attack upon the deliberate discrimi-

266

nation resulting in the counties in assessing it on tangibles and intangibles while assessing others only on tangibles. It offered numerous affidavits in support of its claim that these deliberate discriminations against it were going on in the board and in the counties. It particularly insisted that the exercise of just discretion required the issuance of a temporary order, because not to issue it would result in having these intangible assessments spread upon the rolls of forty-eight counties, subjecting plaintiff to suits in every county regarding the tax, whereas to enjoin the certification would not prevent the state and county from later collecting the taxes on its intangible values if the law were held valid.

Respondents insist that every question of substance presented by complainant has already been settled against it by the decisions of the Supreme Court of Texas and of the United States, and that its bill presents no questions sufficiently substantial to justify the granting of an injunction. Further, they oppose to complainant's affidavits affidavits of their own in support of their contention that no discrimination has been attempted or accomplished against complainant. Finally, they insist that the exercise of a just discretion requires the refusal of a temporary injunction, because, if it is refused, no harm will come to complainant, who has an adequate remedy at law in each of the counties to defend against any suits brought to enforce the taxes and a right to proceed by injunction if conditions arise making his defensive remedies inadequate. Whereas, if the injunction is granted, the entire machinery of state assessment and collection of taxes, of which certification is but one cog, will be thrown out of gear, with the result, they say, of the ultimate loss of their taxes for failure to certify before October 1, or, if not their loss, of great injury to, and disruption of, the fiscal affairs of the state and its several counties.

■ We have considered the arguments both sides advance. We have examined their authorities. We agree with respondents that in its general phases the controversy here advanced is more than a twice-told tale, and that if in some of its particular incidents the tale of wrongs complainant tells is new, its differentiations in fact and law from the adjudicated cases are by no means plain. Nor is it at all clear that any of its constitutional rights are being impaired. The leading cases which have discussed these questions make it clear that a state may tax intangible assets (Baker v. Druesedow, 263 U. S. 137, 44 S. Ct. 40, 68 L. Ed. 212; Missouri, K. & T. R. Co. v. Shannon, 100 Tex. 379, 100 S. W. 138, 143, 10 L. R. A. [N. S.] 681; Lively v. Missouri, K. & T. R. Co., 102 Tex. 545, 120 S. W. 852; Great Southern Life Insurance Co. v. Austin, 112 Tex. 1, 243 S. W. 778); may provide a central board for valuing and assessing them (authorities supra); and may apportion them to the counties of the state on a just and equitable basis (authorities supra, and Druesdow v. Baker [Tex. Com. App.] 229 S. W. 497).

■ It is also quite clear that, while the taxing authorities have wide discretion in the exercise of good faith in arriving at and fixing values for taxation, they may not deliberately apply to one taxpayer a scheme or method which discriminates against him. Phillips Petroleum Co. v. Townsend (C. C. A.) 63 F.(2d) 293; Lively v. Missouri, K. & T. R. Co., supra.

■ Nor is it at all doubtful that upon a showing of no adequate remedy at law and irreparable injury, coupled with conditions making out a case for equitable interference, a federal court of equity will lend its aid and protection to one subjected to unlawful oppression under the guise of the enforcement and administration of tax laws.

■ But it is a principle of wide application and controlling influence, because the life of a government depends upon the exercise of its taxing powers, that federal courts are greatly reluctant to issue their writs to restrain state officers in the discharge of tax functions, and they will not do so upon a mere showing of unconstitutionality. Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447; Cruickshank v. Bidwell, 176. U. S. 76, 80, 20 S. Ct. 280, 44 L. Ed. 377; Pittsburgh, etc., R. Co. v. Board of Public Works, 172 U. S. 32, 37, 38, 39, 19 S. Ct. 90, 43 L. Ed. 354.

There must also appear, not only that there is no adequate remedy at law and a clear case of equitable jurisdiction is made out, but that the injury claimed must be not only imminent and not theoretically, but actually, irreparable. Boise Artesian Water Co. v. Boise City, 213 U. S. 276, 281, 29 S. Ct. 426, 53 L. Ed. 796; Northport Power & L. Co. v. Hartley, 283 U. S. 568, 51 S. Ct. 581, 75 L. Ed. 1275; Pape v. St. Lucie Inlet Dist., etc. (C. C. A.) 75 F.(2d) 865, 869.

Complainant has made out no such case here. Every claim it makes is available to it in defense of suits for the taxes, if the state and county, after the rolls are complete and complainant refuses to pay, proceed that way. It is fundamental that mere threat of suit does not authorize the issuance of injunction. Northport Power & L. Co. v. Hartley, supra.

If the officers proceed by seizure and sale of its property under conditions which prevent its putting its defenses forward, or if otherwise a case for equity jurisdiction is made out,. it is quite clear that every point it makes can be made more effectively against the local officers than it can be made here. The only result flowing to complainant from the denial of this injunction will be that it will have to make its defenses, or proceed affirmatively, in the counties where the taxes are to be collected against it and where the real facts in each case can be tried out. This is not an irreparable injury. It is indeed no injury at all. Nor does this bill rightly present a case of multiplicity of suits. It merely puts complainant in the position that, having property in various counties, it must settle with the taxing officers in each county, in appropriate proceedings, the question of the amount of taxes justly due there. All that the board was proposing to do or can do, all that complainant seeks to enjoin it from doing, is to certify the assessment it has made.

"An assessment does not command the taxpayer to do, or to refrain from doing anything; does not grant or withhold any privilege, authority, or license; does not extend or abridge any power or facility; does not determine any right or obligation. * * * An assessment is directed by one officer of the state to another. * * * Assessments become reviewable judicially only when they are translated into action, as by levy of the tax based on the assessment." Ex parte Williams, 277 U. S. 267, 271, 48 S. Ct. 523, 525, 72 L. Ed. 877.

On the other hand, if the injunction be granted, the exercise of the taxing power of the state and county is suspended in forty-eight counties of the state as to complainant's intangible values certainly indefinitely, and, if the state is right, forever, with regard to taxes due for 1935.

Under these circumstances, we think the exercise of a just discretion compels us to deny the injunction.