**ALLEN et al. v. AMERICAN FIDELITY & CASUALTY CO.**

No. 7810.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1935.

Upon what theory the District Judge enjoined these appellants from doing exactly what the plaintiff in Northern Assurance Company v. Grandview Bldg. Ass'n,[2] did, that is, file an equitable action to reform the policy in the state court, after he had lost his action on it in the federal court, we are not informed.[3]

Neither findings as required under Equity Rule 70½ (28 U.S.C.A. following section 723)[4] nor opinion were filed. Appellee seems to think that it was upon the theory of protecting the court's jurisdiction. It argues that its bill was ancillary to the law action in which the judgment was that the plaintiff take nothing. It insists that, filed to preserve and enforce the jurisdiction of the federal court, it is not a suit to stay proceedings in the state court within the prohibition of section 265, Judicial Code, 28 U.S.C.A. § 379.[5]

We think it plain that it is. Lehman v. Spurway (C.C.A.) 58 F.(2d) 227. The whole purpose, "the great object of the suit is to enjoin and stop litigation in the State courts, and to bring all the litigated questions before the Circuit Court. This is one of the things which the Federal courts are expressly prohibited from doing." Haines v. Carpenter, 91 U.S. 254, 257, 23 L.Ed. 345; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205. The decision of the question whether, as appellee contends, plaintiff has not pleaded a case for reformation, but is merely trying to relitigate matters already decided, is for the court of the forum he selected. Northern Assurance Co. v. Grandview Bldg. & Loan Ass'n, supra.

But the invoked statute aside, the injunction should not have issued, for there was no equity in the bill. All, in effect, that it alleged was that plaintiff, having failed to obtain a judgment in the law action in

George C. Cochran, of Dallas, Tex., for appellants.

Neth L. Leachman, of Dallas, Tex., for appellee.

Before HUTCHESON, Circuit Judge, and DAWKINS and STRUM, District Judges.

HUTCHESON, Circuit Judge.

Appellants were enjoined from prosecuting in the state court the suit they had brought there to reform and recover on, as reformed, an insurance policy which this court, in a law action, had held could not be recovered on as written.[1]

---

[1] Allen v. American Fidelity & Casualty Co. (C.C.A.) 54 F.(2d) 207.

[2] 183 U.S. 308, 22 S.Ct. 133, 46 L.Ed. 213.

[3] Grand View Bldg. Ass'n v. Northern Assurance Co., 73 Neb. 149, 102 N.W. 246; Northern Assurance Co. v. Grandview Bldg. Ass'n, 203 U.S. 106, 27 S.Ct. 27, 51 L.Ed. 109.

[4] Los Angeles Gas & Electric Co. v. R. R. Comm., 289 U.S. 287, 300, 327, 53 S. Ct. 637, 77 L.Ed. 1479; State Board of Tax Com'rs v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464; Public Service Comm. v. Northern Indiana Public Service Co., 289 U.S. 703, 53 S.Ct. 527, 77 L.Ed. 1460; Public Service Comm. v. Wisconsin Tel. Co., 289 U.S. 67, 53 S.Ct. 514, 77 L.Ed. 1036.

[5] "Writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

460

the federal court, was now seeking to relitigate the same matter in the state court under the pretense of an equitable action to reform. If this is all the plaintiff is seeking, defendant needs but to plead his federal court judgment as a bar. If plaintiff is seeking more, if his suit is really a well-founded action to reform, defendant cannot prevent his maintaining it with effect, either by enjoining its prosecution, or by pleading the former judgment in bar.

Appellant's suit does not, as did those cited by appellee,[6] constitute or threaten any interference with the jurisdiction of the federal court properly asserted over a res. Nor is appellant's bill grounded in the equity of preventing the enforcement of a judgment obtained by fraud, as the bill was in Wells Fargo & Co. v. Taylor, supra. Appellant's bill alleges no ground for the injunction, but the bringing of a suit in personam to obtain a personal judgment. It is fundamental that a bill for injunction merely alleging that a suit is to be or has been brought upon an invalid claim does not state a case for injunction. Cavanaugh v. Looney, 248 U.S. 453, 39 S. Ct. 142, 63 L.Ed. 354; Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; Northport Power & Light Co. v. Hartley, 283 U.S. 568, 51 S.Ct. 581, 75 L.Ed. 1275. The reason for this is well stated in the last-cited case: "The only injury alleged is the result of the suit in the State Courts. So far as appears that result will ensue only upon a decision against the appellant. It is an odd ground for an injunction against a suit that the suit may turn out against the party sued. If the action is based upon an unconstitutional law and if the trial court upholds it, still the appellant can protect its rights as fully in the State Courts as elsewhere."

If appellant's suit is, as he maintains, within Northern Assurance Co. v. Grandview Bldg. Ass'n, supra, the state courts are competent to give him judgment, notwithstanding the adverse judgment he suffered in the law action. If it is not, the state courts are competent to say so.

The decree is reversed, and the cause is remanded, with directions to dismiss the bill.

---

[6] Brown v. Pacific Mutual Life Ins. Co. (C.C.A.) 62 F.(2d) 711; Provident Mutual Life Ins. Co. v. Parsons (C.C.A.) 70 F.(2d) 863; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123; Bull v. Adams (C.C.A.) 17 F.(2d) 906; Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629.