TEXAS CO. v. GROSJEAN, Supervisor of Public Accounts of Louisiana, et al.

No. 329.

District Court, E. D. Louisiana.

July 2, 1936.

Charles H. Blish, of Shreveport, La., William K. Hall, of Houston, Tex., and Roberts C. Milling, of New Orleans, La., for plaintiff.

Gaston L. Porterie, Atty. Gen., and Justin C. Daspit, Fred A. Blanche, and E. L. Richardson, Sp. Assts. to the Atty. Gen., for defendants.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

BORAH, District Judge.

This is a bill in equity to enjoin the defendants from proceeding in the manner provided by Act No. 140 of the Louisiana Legislature for the year 1922, as amended, to collect additional severance taxes on oil produced and purchased by the plaintiff in the state of Louisiana during the period beginning with the quarter ending September 30, 1928, and ending with the quarter of March 31, 1935, it being alleged that the act, as amended, is unconstitutional on the ground that it deprives the plaintiff of its property without due process of law and of the equal protection of the law as guaranteed by the Fourteenth Amendment. After hearing, a preliminary injunction issued herein, and the matter is now before the court for disposition on the merits.

Act No. 140 of the Louisiana Legislature for the year 1922, as amended by Act No. 5 of the Third Extraordinary Session of 1934, imposes taxes upon every person, firm, corporation, or association of persons severing any natural resources from the soil or water in this state, which taxes are to be paid by the owner or proportionately by the owners thereof at the time of the severance. The statute requires the producers of oil to make quarterly reports to the supervisor of public accounts, setting forth the amount of oil actually produced as well as that purchased, and to pay the taxes due thereon. The statute further provides that, if the taxes are not paid at the time required, the supervisor of public accounts, without notice to the taxpayer and without a hearing, shall make, in any manner feasible, and record in the mortgage records of the parish where the oil was severed, a statement showing the proportionate amount of tax due by each owner, which statement, when filed for record, shall operate as a first lien, privilege, and mortgage on all the property from which the resources were severed and on all the property of the respective tax debtors, as the case may be, and said property shall be subject to seizure and sale for the payment of the taxes due. Whenever the supervisor of public accounts shall cause the statement to be recorded, the statute requires that he shall give notice to the tax debtor by registered mail of the recordation of such statement, and fifteen days thereafter shall cause the sheriff and tax collector of the parish wherein such natural resources are severed to seize and sell, for the payment of such taxes, any property belonging to the tax debtor which may be found within his jurisdiction.

During the years 1928 to 1935 plaintiff produced oil in thirteen parishes in the state of Louisiana. It made quarterly returns to the supervisor of public accounts and paid the taxes shown to be due in accordance with these returns. However, in remitting severance taxes up to January 1, 1934, plaintiff deducted from the gross quantity of fluid run from the oil wells into the lease or gauge tanks, in accordance with the alleged practice in the industry, 2 per cent. in North Louisiana fields and 1 per cent. in South Louisiana fields, on the theory that these percentages covered foreign substances contained in the fluid which were not oil. These deductions were in addition to the deductions made for basic sediment and water, and were made because of alleged inaccuracies in the centrifuge test, and were in addition to the adjustment for temperature to a basis of 60° Fahrenheit which is recognized as standard. Since January 1, 1934, a uniform deduction of 1 per cent. covering the entire purchase and production of plaintiff in the state of Louisiana has been made.

On May 15, 1935, the supervisor of public accounts, through her attorney, advised plaintiff by letter that it had not paid all severance taxes due the state for the period beginning with the quarter ending September 30, 1928, and ending with the 31st day of March, 1935. Prompt payment of the tax with interest and penalties aggregating $39,731.03 was demanded, fail-

ing in which the attorney stated he would be compelled to institute legal proceedings for the recovery thereof.

Plaintiff, for reasons sufficient unto itself, did not comply with the demand. Accordingly, on May 30, 1935, the supervisor of public accounts and the Attorney General filed an ordinary action in the District Court of Louisiana to recover the amount claimed. This proceeding has since been removed and is now pending on the law side of this court, a motion to remand having been overruled.

On the day following the filing of this suit in the state court, the plaintiff herein instituted this action, joining as defendants herein the plaintiffs in the state action, alleging in part that they were threatening to collect the amount of the taxes referred to in said letter of May 15, 1935; that such taxes were demanded under the provisions of Act No. 140 of 1922, as amended; attacking the constitutionality of said statute on the ground that it fails to provide for a notice and hearing prior to the determination of the amount and correctness of the tax and its recordation as a lien against the taxpayer's property. The bill further alleges that the enforcement of the statute would cause to plaintiff irreparable injury, in that the supervisor of public accounts would record the statements provided by the statute, in the thirteen parishes wherein it produces oil, and would cause the sheriffs of said parishes to seize and sell its properties for the payment thereof, with the result that it would be forced to institute suits in each parish to protect its property rights, and, furthermore, the seizure of its property would cause irreparable damage and injury, in that its operations would be suspended, resulting in cancellation of leases and physical injury to its producing wells. The bill concludes with a prayer for an injunction to prohibit the enforcement of the statute.

The state is not claiming any severance taxes of plaintiff in the case at bar. When the present suit was filed, the state had already filed in the Nineteenth judicial district court located at Baton Rouge, La., an ordinary action claiming the entire amount of tax which forms the basis of this controversy. The state, therefore, not only has not invoked the procedure provided in Act No. 140 of 1922, as amended, but the supervisor of public accounts has stated in her answer in this suit that since the passage of Act No. 24 of the Second Extra Session of 1935, which became effective on May 10, 1935, she has not filed any lien against any taxpayer without first according the taxpayer a hearing as provided in said act, and that under no circumstances will she proceed against plaintiff by following the provisions of Act No. 140 of 1922, as amended.

It follows that plaintiff is neither threatened with a multiplicity of suits nor with ruin of its business. No lien has been filed or threatened to be filed, as alleged in the bill of complaint, nor has any seizure been made or threatened to be made. Conceding, without deciding, as plaintiff maintains, that the statute is unconstitutional, that fact in and of itself would not warrant the issuance of an injunction against its enforcement, unless further circumstances are shown which brings the case within some clear ground of equity jurisdiction. Northport Power & Light Co. v. Hartley, Governor of Washington, et al., 283 U.S. 568, 51 S. Ct. 581, 75 L.Ed. 1275; Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447. The courts of the United States do not issue injunctions except in support of clearly established property rights, and then only when there is no adequate remedy at law, and their issuance is necessary to prevent irreparable injury.

It is sufficient for us to conclude, as we do, that plaintiff's bill is wholly wanting in equity, and that any right which the plaintiff may have can be fully asserted in the action at law which the defendants have elected to bring against it.

The order heretofore entered granting an interlocutory injunction is recalled, and the decree for injunction denied, and the bill of complaint dismissed. Appropriate orders may accordingly be entered.