**STANOLIND OIL & GAS CO. et al. v. AMBROSE et al.**

No. 9701.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1941.

Frank J. Scurlock and Turner, Rodgers & Winn, all of Dallas, Tex., and Donald Campbell and Guy H. Woodward, both of Tulsa, Okl., for appellants.

J. N. Saye and W. T. Saye, both of Longview, Tex., for appellee W. D. Ambrose.

Gerald C. Mann, Atty. Gen., of Texas, and Geo. W. Barcus, Edgar W. Cale, and James P. Hart, Asst. Atty. Gen., of Texas, for appellees Railroad Commission of Texas and its individual members.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of that long and growing list of suits which have been filed in federal and state courts in Texas, to hold invalid, and cancel, orders of the Railroad Commission granting a Rule 37 exception drilling permit. As in the great majority of those cases, so many breaches have already been let into the rule by numerous exceptions to it, granted to the complainants and the complained against in the suit, that though not legally,[1] the rule has almost practically, disappeared.

Also as found by the trial court, in view of the fact that there has been, and will continue for many years to be, complete replacement under plaintiff's property of all the oil drawn from it, it is very questionable whether plaintiff has shown any actual damage to it from the drilling the permit has authorized. And finally, there is no showing that plaintiff has been or will be refused additional permits. Under these circumstances it is quite clear that viewed as a constitutional suit requiring a showing not merely that the complained of action is illegal or unconstitutional, but that it is brought within some clear ground of equity jurisdiction,[2] the suit must fail. But if, as appellants insist it should be, the suit be viewed as one under Section 8, Art. 6049c, Vernon's Texas Statutes 1936, appel-

---

[1] Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Railroad Commission v. Marathon Oil Company, Tex.Civ.App., 89 S.W.2d 517; Railroad Commission v. Gulf Production, Tex.Civ.App., 115 S.W.2d 505, affirmed, 134 Tex. 122, 132 S.W.2d 254.

[2] Railroad Commission of California v. Pacific G. & E. Co., 302 U.S. 388, 58 S.Ct. 334, 82 L.Ed. 319; Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281; Thompson v. Consolidated Gas Utilities Corporation, 300 U.S. 55, 57 S.Ct. 364, 81 L.Ed. 510, 518; Northport Power & Light Co. v. Hartley, 283 U.S. 568, 51 S.Ct. 581, 582, 75 L.Ed. 1275; Fisher v. City of Bartlett, Tex.Civ.App., 76 S.W.2d 535; Smith v. Wald Transfer & Storage Co., Tex. Civ.App., 97 S.W.2d 991; Boxrollium Oil Co. v. Smith, 3 Judge District Court, 4 F.Supp. 624, 626; Cavanaugh v. Looney, 248 U.S. 453, 39 S.Ct. 142, 63 L.Ed. 354; Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368.

848

lants will stand no better. For in that aspect the case is ruled by Gulf Land Co. v. Atlantic Refining Co., 5 Cir., 113 F.2d 902. For here as there, there was a finding of the commission and evidence in support of it that the permit was granted to prevent waste. Appellants, realizing that this is so, insist that that case was wrongly decided and should be overruled. Sensible as we are of our proneness to error, cognizant as we are that this is a period of swiftly changing judicial decisions, and enamored as the writer is of the "glorious uncertainty of the law", we think our Gulf Land Company case is hardly old enough, under the most modern interpretation of new and old, to be called an old case and to be ripe for overruling. We must therefore, not depart from, but stand to it. The judgment is affirmed.

Affirmed.