## STANOLIND OIL & GAS CO. et al. v. AMBROSE.
### No. 10238.

Circuit Court of Appeals, Fifth Circuit.
Dec. 2, 1942.

Frank J. Scurlock, of Dallas, Tex., for appellants.

J. N. Saye and W. T. Saye, both of Longview, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

On February 23, 1940, over the protest and objection of Stanolind Oil and Gas Company, the Railroad Commission of Texas granted to W. D. Ambrose a permit to drill eight additional oil wells on his lease in the East Texas Oil Field. Thereupon Stanolind brought suit against Ambrose and the Commission, and sought to cancel the permit and enjoin the drilling of the additional wells. At Stanolind's request, and upon the filing of a $10,000 bond in court, a preliminary injunction was issued on March 16, 1940, and Ambrose was notified that he had been temporarily enjoined and restrained from drilling or producing from any of the eight wells allowed by the permit. After trial of the action on the merits, the court found for Ambrose, and on June 19, 1940, final decree was entered and the preliminary injunction was dissolved. On appeal the judgment of the District Court was affirmed by this Court. Stanolind Oil & Gas Co. v. Ambrose, 5 Cir., 118 F.2d 847.

It is without dispute that for more than ninety days Ambrose was prevented by the injunction from drilling wells on his lease. He, therefore, brought this action against Stanolind and its bondsman to recover damages alleged to have been suffered because of this delay.

On the trial the court permitted the evidence to take a wide range: The life of the wells, the number of barrels of oil to be captured each day under the rules of the Railroad Commission, and the cost of drilling and bringing in the wells. The life of the wells was fixed by experts at from twenty to twenty-two years, and the cost of drilling was established. The court made findings of fact and conclusions of law, and, after going into nearly every phase of the evidence which threw light on the issues, he found the number of days of production lost on account of the injunction, the number of barrels of oil lost by Ambrose as the result of such delay, and the market value of such oil in the stock tanks on the lease after deducting certain production costs in the way of production and pipe line taxes, royalty, etc. It was found that Ambrose had sustained a net loss of $5,357.43, and judgment for this amount was entered against Stanolind and its surety.

 Having been wrongfully enjoined, Ambrose was entitled to recover just and adequate compensation for the loss which was the natural and proximate result of the injunction. Galveston City R. Co. v. Miller, Tex.Civ.App., 38 S.W. 1132.

While much of the evidence in the record is in dispute, there was substantial evidence to support the findings, conclusions, and judgment.

The judgment is affirmed.