## MAGNOLIA PETROLEUM CO. v. GROSJEAN, Sup'r of Public Accounts of Louisiana, et al.

### No. 338.

District Court, E. D. Louisiana.
Aug. 22, 1938.

J. M. Grimmet, Yandell Boatner, and Fred Simon, all of Shreveport, La., for plaintiff.

Gaston L. Porterie, Atty. Gen., of La., and E. L. Richardson, Justin C. Daspit, and F. A. Blanche, Sp. Assts. to Atty. Gen., of Louisiana, for defendants.

Before FOSTER and HOLMES, Circuit Judges, and BORAH, District Judge.

BORAH, District Judge.

This suit challenges the constitutionality of Act No. 140 of the Legislature of Louisiana for the year 1922, as amended, and Act No. 24 of the Second Extraordinary Session of the Louisiana Legislature for the year 1935, and seeks to enjoin the Supervisor of Public Accounts and the Attorney General of the state of Louisiana from proceeding to collect the additional amount of severance taxes or penalties claimed to be due the State on complainant's production in Webster Parish for the period beginning with the quarter which ended September 30, 1928, to and including the date of payment. When the present suit was filed the State was pursuing the procedure provided by Sections 11 and 12 of Act 24 of the Second Extra Session of 1935, in order to finally determine the liability of complainant for the taxes and interest claimed upon oil produced by it in Webster Parish. A letter dated March 14, 1936, had directed complainant to show cause before the Supervisor on a day certain why the additional tax claimed should not be definitely ascertained and fixed on its operations in Webster Parish. In this letter, which was consistent with the language of the statute, it was stated that in no event would more than one lien be filed, if any taxes were found to be due, and that lien would be filed in Webster Parish only. Complainant was also given to understand that in no event would said lien be executed unless a court of competent jurisdiction should have first heard the case and rendered judgment fixing the amount of severance tax due. Pursuant to this show cause order complainant appeared at the administrative hearing with counsel and submitted in writing its reasons why the tax demanded was not due and testimony was taken and time allowed for the filing of brief. Thereafter, and upon considering the record and after reaching the conclusion that the reasons set forth by complainant were insufficient, the Supervisor of Public Accounts proceeded to ascertain and fix the amount of taxes due

on production in Webster Parish, and this statement of the Supervisor was filed for record in said parish thereby creating a lien on complainant's property there situated. It further appears that upon the filing of the lien, and in conformity with the procedural provisions of the aforementioned statute, notice and demand for payment of the tax were made upon complainant by registered mail. This was the extent to which the State had proceeded in its efforts to determine the liability of complainant for the taxes and interest claimed, and this was the situation between the parties on April 17, 1936, when the hearing was had on plaintiff's application for an interlocutory injunction.

When this suit was filed there was pending on the equity docket of this Court another suit involving the same principal issues of law and fact. This case was captioned Texas Company v. Grosjean, Supervisor of Public Accounts, et al. Complainant endeavored on the date of the hearing to consolidate this suit with the suit pending on the ground, among others, that both suits involved practically the same questions of law and fact and that the determination of the principal point of litigation in each case would affect the whole subject matter of both cases and settle the rights of all parties. The motion to consolidate was overruled.

After a hearing before this statutory court of three judges an interlocutory injunction was granted to complainant to preserve the status quo and the cause was set down for final hearing on the merits. However, this hearing on the merits was never had. When the day which had been fixed therefor was reached, counsel entered into a stipulation requesting that the Court enter an order continuing the case on the calendar. This was done because the parties anticipated that a decision on the like questions involved in the Texas Company suit would be determinative of the issues which this case presents. Though not covered by the stipulation it apparently was the understanding between counsel that either party would have the right to call the case up for hearing if any of the issues here was not decided in the Texas Company Case.

The suit of Texas Company v. Grosjean, Supervisor of Public Accounts of Louisiana et al., D.C., 16 F.Supp. 264, was

dismissed on final hearing on the ground that plaintiff's cause was wholly wanting in equity. The merits of the controversy were not passed upon. At or about the time when this suit was decided, the state of Louisiana filed an action in the State court against the Standard Oil Company of Louisiana involving the same tax, the same statutes and the same principal questions that are at issue in the case at bar. After the filing of this suit it was agreed between counsel, as it was with regard to the Texas Company Case, that further proceedings herein should await the outcome of the State action.

In due course the lower State court handed down its decision in the Standard Oil Company case upholding in every particular the contentions of the State. Shortly thereafter complainant through its attorney endeavored to settle this case by payment of the principal amount of the tax claim involved, without any addition for interest, attorneys' fees or costs. This and subsequent offers were declined as unacceptable.

On November 2, 1937, the Supreme Court of Louisiana decided the Standard Oil Company Case, and on January 10, 1938, rehearing was denied, 188 La. 978, 178 So. 601. Since this decision affirming the judgment of the lower court became final, complainant has at all times conceded that the principal amount of the tax claimed is properly owing and that the State case decided all of the issues which this case presents except the issue relative to the propriety of exacting penalties and attorneys' fees under the facts and circumstances here disclosed; (1) from July 1, 1928 to May 1, 1936, which was the date on which the interlocutory injunction issued, and (2) from the time the interlocutory injunction was obtained up to the date of payment. However, and as a matter of fact the record shows that on April 20, 1938, complainant offered to pay the tax plus penalty for delinquency, and attorneys' fees up to May 1, 1936, and thereafter to pay legal interest instead of penalty for delinquency, and no attorneys' fees on the legal interest; and since that date it has endeavored to pay the full amount of tax claimed with interest at the rate of six per cent per annum and without other penalties. These offers were rejected on the ground that nothing less than full payment would be acceptable and that full payment contemplated interest on the principal amount of the tax at the rate of two per cent per month from the date of its delinquency plus ten per cent on the principal and interest as attorneys' fees. When it became apparent to counsel for the respective parties that they could not agree on the issue as regards penalties, they determined to have the case heard at the earliest practicable date. Accordingly, on April 28, 1938, the defendants filed a motion for a rehearing and new trial and a motion to dismiss, praying that the interlocutory injunction granted herein be recalled, vacated and set aside and the suit dismissed. At the hearing which was had on said motions, complainant requested and was permitted to present such proof as it had bearing on its liability for penalties, and the foregoing is a recitation thereof.

The allegations made by complainant in the present bill of complaint track the language of the earlier bill filed by The Texas Company. Indeed the same allegations are made with reference to interest and attorneys' fees. When The Texas Company suit was filed the State had already initiated in the Nineteenth Judicial District Court an ordinary action claiming the entire amount of the tax, but no lien at that time had been filed and the Supervisor stated in her answer that she would not do so without first according the taxpayer a hearing. Here a lien has been filed in Webster Parish after according to complainant an administrative hearing. But this lien cannot be enforced until a judgment of a court of competent jurisdiction is first obtained, thus affording to complainant the right to defend and resist the payment of the tax and interest on any ground it deems expedient. Furthermore, since the filing of this lien and the institution of this suit the Supreme Court of Louisiana in the Standard Oil Case, supra, has settled every legal question which this case presents insofar as the Louisiana statutes and constitution are concerned, and has determined that the tax is due. This, coupled with the previous ruling of this Court in The Texas Company suit, supra, convince us that the present suit is wholly wanting in equity, and that the interlocutory injunction granted herein should be recalled and the suit dismissed with reservation and without prejudice to the right of complainant to

328

contest in the State court its liability for penalties during the pendency of this litigation. Appropriate orders may accordingly be entered.