## ERWIN et al. v. CITY OF DALLAS.
### No. 3705.

United States District Court
N. D. Texas, Dallas Division.

Aug. 2, 1949.

William Andress, Jr., Dallas, Tex., for plaintiffs.

H. P. Kucera, City Attorney, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The three plaintiffs, Erwin, Furnish and Haworth, residents of Dallas, Texas, and each doing a separate business in Dallas, Texas, complain of the City of Dallas, a municipal corporation, alleging that it has arbitrarily, capriciously, and discriminatorily refused to issue to each of them, a license to sell beer, and, thereby, has deprived them of their constitutional rights as guaranteed to them by the national Constitution.

The show cause order was issued and upon the day the rule was returnable, it was agreed in open court that the trial should go forward in a final hearing.

Certain motions by the defendant as to jurisdiction, plea in abatement, and because of a misjoinder of parties, plaintiffs were carried along with the taking of testimony.

At the conclusion of the testimony offered by both sides, it appeared to the court that the criticism as to the want of jurisdiction because of the pendency in the state court of similar suits by the same parties instituted a few days prior,

was not well taken. One may institute suits in different jurisdictions, and in the state and national courts without fear of either forum seeking to stop the other, and without fear of such a criticism being successful.

■ The other plea as to the misjoinder of parties plaintiff, is well taken because there is no relationship whatever between the plaintiffs. As well as being separate individuals, they are not connected in any way in business, nor is the place of business of one in the neighborhood of either of the others. The facts are quite different.

■ On the merits, I find no discrimination, nor arbitrary or capricious action, such as a chancellor must consider in a case of this sort.

The City of Dallas is open, so far as the sale of beer is concerned, but the seller must be licensed by the city, and must have his place of business approved as to zone in which it is established, or, sought to be established.

The municipality acts through its various agents for such supervision, choice and licensing.

■ The power given to a municipality to license and regulate an occupation or a privilege, imposes no obligation on it to grant a license. Burgess v. City of Brookton, 235 Mass. 95, 126 N.E. 456. But, it includes the power to refuse a license in a particular case, even where the statutory or preliminary requirements are complied with. 37 Corpus Juris 183, 53 C.J.S., Licenses, § 10.

■ This suit calls for an interference by the chancellor of a national court with the considered action of a duly constituted municipality, operating under its own ordinances by virtue of its authority from the state of Texas. Such interference will not follow unless there is irreparable injury which is clear and imminent and substantial. This rule arises from the scrupulous regard for the rightful independence of state and municipal governments, and of the smooth-working of the federal judiciary. Cavanaugh v. Looney, 248 U.S.

453, 39 S.Ct. 142, 63 L.Ed. 354; Bowers v. Calkins, D.C., 84 F.Supp. 272, 278.

This observation does not overlook the personal liberty and safety of the citizen, but neither the safety nor the liberty of the citizen, can be said to have been violated in any manner by the process followed in the refusal of licenses to these three plaintiffs. Each had his or her virtue or vice considered by the officers and Board which had such granting power, and, after such consideration, a wise ruling was made.

The bill must be dismissed.