## Keim v. Angelotti

*Knox, Weber, Pearson & McLaughlin,* for plaintiffs.

*Gifford, Graham, MacDonald & Illig,* for defendant.

EVANS, P. J., June 27, 1960.—Before us for consideration are defendant's preliminary objections to plaintiffs' amended complaint, which was filed to comply with a prior order of this court dated December 16, 1959.

Action was started to recover, on behalf of 25 people, some of them husband and wife, damages claimed to have been suffered through false representations as to the assets and worth of a corporation in which plain-

tiffs were induced to purchase stock. Combining the averments of the original and amended complaint, we note the circumstances relied upon both as to facts involved and the reason for all plaintiffs joining in one suit. Complainants show that at various times between March 12, 1956, and October 25, 1956, they purchased stock in varying amounts in Angelotti-Florida, Inc. Some of the sales took place in Florida and some in Pennsylvania.

H. Richard Keim and his wife aver that defendant orally represented to them that the corporation had certain land located in Brevaird County, Fla., which had been paid for in full, and that architectural drawings, costing $48,000 and completely paid for, had been secured for the development of the Florida property as a large hotel to be known as Flora Beach Hotel.

It is further averred that other plaintiffs received similar representations of value from H. Richard Keim orally as agent for, and at the oral direction of, defendant upon which they relied in purchasing and paying for stock in Angelotti-Florida, Inc.

Further averment is made that the representations and statements were not true and were known by defendant to be untrue and were made for the sole purpose of inducing plaintiff to purchase stock in said corporation. Further averment is made that the land in question was not acquired by the corporation until September 20, 1956, and that it was immediately mortgaged and the assets of the corporation dissipated.

Plaintiffs contend joinder is permissive under Pennsylvania Rule of Civil Procedure No. 2229, which provides:

"(a) Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact

affecting the rights to relief of all such persons will arise in the action."

We are of the opinion that the rights of plaintiffs do not arise out of the same transaction, but are essentially separate and unrelated, as would be the situation if a man had an automobile accident at one location and had another one a half hour later involving similar facts but different parties at another location. It is also similar to a situation where a person would enter a commercial establishment and purchase merchandise under representations which he averred to be fraudulent, and two or three weeks later another person would enter the same business establishment and have the same experience.

If these sales of stock to plaintiffs had taken place as the result of a meeting where they were all present and at which the identical representation was made to them jointly or if plaintiffs had made their purchase relying on a general printed prospectus furnished them, joinder in one suit would be proper. There the common question of law or fact would be identical, and the subsequent closing of individual purchases would merely follow in sequence at various dates as part of one transaction.

Here we have averred oral representations, the exact wording of which must vary at least to some extent, having been made over a period of several months and at different places and to different people.

The measure of damages to each of these plaintiffs is the difference in value between what plaintiff was induced to pay for the stock and its actual value at the *time of the purchase:* Emery v. Third National Bank of Pittsburgh, 308 Pa. 504, and 314 Pa. 544; Polaski v. Levin, 176 Pa. Superior Ct. 370. This measure must, in each case, vary, and particularly is this true as to two of the sales which, according to the complaint, were made after the property was purchased.

The experiences of these plaintiffs were individual, unconnected in any way, and their only common ground is their claim that they were defrauded as were others at other times. We are unable to find Pennsylvania authority for our conclusion that these plaintiffs must pursue their individual claims in separate suits, but we find, under a similar Federal rule conclusions like that at which we have arrived: Erwin v. City of Dallas, 85 F. Supp. 103; Federal Housing Administrator v. Christensen, 26 F. Supp. 419; Gerard v. Mercer, 62 F. Supp. 28.

Defendant further contends that, in addition to misjoinder of parties, there is no averment as to the value of stock being less than the price paid for it and, hence, no damages shown. In this respect, defendant's contention also has merit. See Mitchell v. Willys Motors, Inc., 40 Erie 233. It may be difficult to secure necessary facts, but we cannot see how we can assume that a loss was suffered without an averment which will show there there was such loss. Defendant is entitled to know the sums claimed by each plaintiff.

There are proceedings available through discovery which may be resorted to, not only for preparation of a proper complaint but also for necessary proof at time of trial.

In order to save a small amount of expense, we can and will permit one of these causes to continue at the above term and number upon discontinuance of record by all others.

And now, to wit, June 27, 1960, the preliminary objections of defendant raising the question of misjoinder are sustained and this case dismissed, unless within 20 days all except one of the plaintiffs discontinues his part in this action and that remaining plaintiff takes steps to amend in accordance with the foregoing opinion.